**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Yusef Brown,

      Petitioner,

v.

Scott Fisher,

      Respondent.

Civ. No. 10-3230 (PAM/JJK)

**REPORT AND RECOMMENDATION**

Yusef Brown, #28688-044, FCI, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Allen A. Slaughter, Jr., Esq., and Gregory G. Brooker, Esq., Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

**INTRODUCTION**

      This matter is before the Court on Petitioner Yusef Brown's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Doc. No. 1), and Respondent's Motion to Dismiss § 2241 Habeas Petition for Lack of Jurisdiction (Doc. No. 8). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Respondent's motion to dismiss be granted, Petitioner's Habeas Corpus Petition be denied, and this action be dismissed with prejudice.

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution, Sandstone, Minnesota ("FCI Sandstone"). He is serving a 151-month sentence imposed by the United States District Court for the Eastern District of Kentucky on September 5, 2006, after Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Petitioner was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 based upon, *inter alia*, a prior conviction for assault. In this habeas action, Petitioner contends that his assault conviction did not qualify as the sort of violent felony necessary for the career-offender-sentence enhancement imposed by the court. He asks this Court to recalculate his sentence and to order his immediate release from custody.

To evaluate Petitioner's claim, it is necessary to review the rather complicated procedural history of Petitioner's post-conviction motion practice. After Petitioner was sentenced on September 6, 2006, he did not file a timely notice of appeal. Instead, he waited until November 27, 2006, to file a notice of appeal, and the Sixth Circuit dismissed the appeal on December 15, 2006, for lack of jurisdiction due to the untimely filing of the notice. Then, on March 21, 2008, Petitioner filed a motion in the trial court seeking to challenge the judgment entered in this criminal case under Rule 60(b)(4) of the Federal Rules of Civil

Procedure.  But this motion was dismissed because Rule 60(b) does not provide relief from judgment in a criminal case.

Petitioner next filed the motion that has the most bearing on this case.  On November 26, 2008, Petitioner filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  In that motion, Petitioner challenged his sentence and his classification as a career offender. (*U.S. v. Yusef Brown*, 6:05-CR-00070 (DCR-REW) at Doc. No. 49 ("Pet'rs 2255 Mot. to Vacate").)  The court concluded that Petitioner's claim was filed outside the one-year limitations period provided by 28 U.S.C. § 2255(f)(1).  Petitioner tried to avoid the one-year-limitations ban by claiming that he was permitted to seek habeas relief under § 2241 because, as described in the "savings clause" of § 2255, his remedy under § 2255 was "inadequate or ineffective" to test the legality of his detention.  That is, he contended that he fit into the narrow and exceptional set of federal prisoners who could bring habeas petitions in lieu of § 2255 motions to contest their imprisonment:  those who are actually innocent (in Petitioner's case, he claims he is actually innocent of being a career criminal), but have no access to the § 2255 remedy because, for example, the statute of limitations bars § 2255 relief.

The district court rejected Petitioner's attempt to transform his § 2255 motion into a habeas petition to avoid the statute-of-limitations bar.  It concluded that Petitioner's claim of innocence was not a claim of factual innocence of the underlying charge of selling heroin (a charge to which he pled guilty), and

3

explained that this was not a case where after a conviction became final the Supreme Court re-interpreted the terms of the statute the Petitioner was convicted of violating in such a way that Petitioner's actions did not violate the statute. It was clear, the court said, that Petitioner was attempting to challenge the guideline calculation and sentencing. Such an action must be brought under § 2255, subject to its one-year statute of limitations, and cannot be bypassed by labeling it a § 2241 habeas petition.

The Sixth Circuit agreed and denied Petitioner's application for a certificate of appealability in October 2009. It recognized that Petitioner claimed in his § 2255 motion that "he is factually innocent of the district court's career offender sentence under USSG § 4B1.1." (Doc. No. 6, Decl. of Allen A. Slaughter, Jr. ("Slaughter Decl.") ¶ 3, Ex. 3.) It said, however, that "[c]ontrary to Brown's arguments, his claims are not cognizable in a § 2241 habeas petition because he is challenging the imposition of sentence, not the execution of his sentence. Moreover, he has not presented a claim of actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)." (Slaughter Decl. ¶ 3, Ex. 3.) Thus, Petitioner's claims were barred by the one-year statute of limitations for § 2255 motions. Petitioner did not appeal this decision to the U.S. Supreme Court.

Petitioner's next filing came in May 2010, when he filed a motion "pursuant to Fed. R. Civ. Proc. R. 60(b)(6)" in the sentencing court, United States District Court, Eastern Division of Kentucky, and argued again that he should not have been classified as a career offender because his prior felony conviction of assault

4

should not have been utilized as a predicate offense for career-offender status. (Slaughter Decl. ¶ 3, Ex. 2.) Petitioner argued in that motion, as he does here, that the district court should not have dismissed his motion for § 2255 or habeas relief fifteen months earlier in February 2009, because the Supreme Court case *Begay v. United States*, 553 U.S. 137 (2008),[1] decided in April 2008, established that Petitioner's conviction for assault did not qualify as a violent felony-predicate offense for determining his status as a career offender. He argued that the *Begay* decision constituted a change in the law that occurred after his criminal conviction, judgment, and sentencing in 2006, and thus he was entitled to relief under Rule 60(b)(6). The district court rejected the Rule 60(b)(6) motion because it was untimely under Rule 60(c)—it was filed fifteen months after the dismissal of

---

[1] In 2008, the United States Supreme Court considered whether driving under the influence of alcohol, a felony under New Mexico's criminal statutes, qualified as a "violent felony" conviction for sentencing under the Armed Career Criminal Act. *Begay,* 553 U.S. at 138. The Court held that a crime qualifies as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), which defines a violent felony to include an offense that "is burglary, arson, or extortion, or otherwise involves conduct that presents a serious potential risk of physical injury to another," if it presents a serious potential risk of physical injury to another and is roughly similar in kind, and degree of risk posed, to the four crimes listed in the statute. *Id.* at 140-45. The Court reasoned that driving under the influence of alcohol, a strict liability crime, differs from the type of violent and aggressive crimes, such as arson, burglary, extortion, or crimes involving the use of explosives, listed as examples in the statute, because the latter crimes are associated with the likelihood of future violent, aggressive, and purposeful "armed career criminal" behavior in a way that driving under the influence of alcohol is not. *Id.* at 148. As such, the Court concluded that driving under the influence of alcohol, as defined under New Mexico's criminal statutes, fell outside the scope of the "violent felony" definition of the armed career criminal statute. *Id.*

5

his § 2255 habeas petition in February 2009, and more than two years after *Begay* was decided in April 2008.

On July 30, 2010, Petitioner filed this habeas petition which raises the same *Begay* issue. He again claims that he should not have been classified as a career criminal because his predicate conviction for assault did not qualify as a violent felony. On September 7, 2010, Respondent filed a motion to dismiss Petitioner's Petition. This Court recommends granting Respondent's motion and denying Petitioner's Petition for the following reasons.

## DISCUSSION

### I. Standard of Review

Petitioner challenges his sentence in this § 2241 habeas petition as unconstitutionally imposed by the United States District Court for the Eastern District of Kentucky. A challenge to the legality of a conviction is ordinarily brought under 28 U.S.C. § 2255. Indeed, generally, a federal prisoner can collaterally attack his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). "[P]ractical concerns led Congress, in 1948, to enact 28 U.S.C. § 2255, and to make it the main provision governing collateral attacks on convictions by federal prisoners." *Henderson v. INS*, 157 F.3d 106, 124 (2d Cir. 1998); *see also United States v. Hayman*, 342 U.S. 205, 212-19 (1952) (explaining § 2255 legislative history). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district

6

of confinement [as § 2241 requires]) so that they can be addressed more efficiently." *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).

As is the case with habeas petitions, important considerations about finality and avoiding the strain of repetitive litigation on limited judicial resources constrain continuous filing of § 2255 motions. Once having brought a § 2255 claim, as Petitioner did here in 2008, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Habeas corpus petitions are not completely foreclosed by § 2255 relief. Although § 2255 affords federal prisoners a "remedy exactly commensurate with that which had previously been available by habeas corpus," *Hill v. United States*, 368 U.S. 424, 427 (1962), § 2255 recognizes that federal prisoners may resort to the traditional remedy of federal habeas corpus, pursuant to 28 U.S.C. § 2241, in the limited circumstances in which it "appears that the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of [the] detention," the so-called "savings clause" of § 2255. *Hill v. Morrison*, 349 F.3d

1089, 1091 (8th Cir. 2003).

A petitioner has the burden of demonstrating that § 2255 relief in his or her sentencing court would be inadequate or ineffective. *Hill*, 349 F.3d at 1091. And "[a] district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it . . . appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.'" *Desimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255). Therefore, since Petitioner did not apply for certification from the Sixth Circuit to bring a successive § 2255 petition, this habeas petition should be dismissed for lack of subject-matter jurisdiction unless Petitioner sustains the burden of demonstrating that § 2255 relief would be unavailable or ineffective. *Hill*, 349 F.3d at 1091.

**II.     Analysis**

As he did in his prior post-conviction motions with the sentencing court in the Eastern District of Kentucky, Petitioner in this habeas action seeks to modify his sentence imposed pursuant to U.S.S.G. § 4B1.1 because, he argues, he did not qualify for career-offender status because his prior assault conviction was not a violent felony. Such a challenge to the legality of a conviction must ordinarily be brought under § 2255. *See Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). As he has done in his earlier motions with the sentencing court, Petitioner seeks to invoke the "savings clause" in § 2255(e), which provides that a habeas petition may be brought under 28 U.S.C. § 2241 if the remedy under

8

§ 2255 is inadequate or ineffective to test the legality of the conviction. Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by a motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Petitioner argues that the savings clause applies here because: (a) the Supreme Court decision in *Begay* in April 2008, supports that he is being illegally detained because his prior assault conviction was not a qualifying violent felony for purposes of career-offender enhancement; and (b) a § 2255 motion in the sentencing court would be inadequate or ineffective to test the legality of his detention since he already filed a § 2255 petition, and there is no basis for a successive or second § 2255 petition because there is no "newly discovered evidence" or "rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" that would allow for such a second § 2255 petition. 18 U.S.C. § 2255(h)(1)-(2).

The problem with Petitioner's argument is that after *Begay* was decided in April 2008, Petitioner sought this same sort of relief on the same grounds—i.e., he claimed that he was innocent of being an armed career criminal and should be entitled to habeas relief, in lieu of a § 2255 motion, because it was the only way to test the legality of his detention. The district court rejected his claim and

9

the Sixth Circuit denied his application for a certificate of appealability. Further, the Sixth Circuit addressed the issue of whether Petitioner's claims were cognizable in habeas:

> Contrary to Brown's arguments, his claims are not cognizable in a § 2241 habeas petition because he is challenging the imposition of sentence, not the execution of his sentence. Moreover, he has not presented a claim of actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

(Slaughter Decl. ¶ 3, Ex. 3.) This Court has no jurisdiction to now review the Sixth Circuit's decision.

This Court notes that after the Sixth Circuit ruled in October 2009, Petitioner filed a motion with the sentencing court in May 2010, citing Rule 60(b)(6) of the Federal Rules of Civil Procedure, again claiming that he is actually innocent of being a career offender in light of *Begay*. As he does here, Petitioner sought relief from that court's earlier dismissal of his habeas petition in 2009. In rejecting the Rule 60 motion, the district court stated:

> Petitioner Yusef Brown has previously filed a habeas petition seeking to challenge his sentence. However, both this Court and the Sixth Circuit have rejected his claims. Brown's current challenge is subject to the one-year limitation contained in Rule 60(c) of the Federal Rules of Civil Procedure.

(Slaughter Decl. ¶ 3, Ex. 1.)

Petitioner had a full and adequate opportunity to litigate the *Begay* claim he now presents to this Court in the § 2255 motion he made to the sentencing court in 2008, and which was the subject of the denial of the certificate of appealability by the Sixth Circuit. He also already litigated his claim that he was

10

alternatively entitled to § 2241 habeas relief because § 2255 was inadequate or ineffective. He lost on all these issues and he has made no showing that he is now entitled to litigate these issues in this Court. Therefore, Respondent's motion to dismiss should be granted and Petitioner's Petition should be denied.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss (Doc. No. 8), be **GRANTED**;

2. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Doc. No. 1), be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

Date: December 28, 2010

   *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 11, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.