UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yusef Brown,                                                       Civ. No. 10-3230 (PAM/JJK)

                     Petitioner,

v.                                                                             **ORDER**

Scott Fisher,

                     Respondent.

---

This matter is before the Court on Petitioner's objections to Magistrate Judge Jeffrey J. Keyes's Report and Recommendation ("R&R") dated December 28, 2010. In the R&R, Magistrate Judge Keyes recommended dismissal of the Petition. Petitioner filed timely objections to the R&R.

In September 2006, the U.S. District Court for the Eastern District of Kentucky sentenced Petitioner to a term of 151 months for conspiracy to distribute and possess with intent to distribute heroin. Based on Petitioner's prior convictions, Petitioner was sentenced as a career offender under section 4B1.1 of the Sentencing Guidelines. Petitioner's sentence became final in December 2006, when the Sixth Circuit Court of Appeals rejected his direct appeal as untimely.

In April 2008, the U.S. Supreme Court issued an opinion that, according to Petitioner, means that he should not have been sentenced as an armed career criminal. Begay v. United States, 553 U.S. 138 (2008). Petitioner filed a 28 U.S.C. § 2255 petition with the sentencing court in November 2008, challenging his classification as a career offender. The court,

however, rejected the § 2255 petition because it was filed outside the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255(f). Petitioner argued in his previous petition, as he does here, that his petition was not untimely because it was brought as a petition under § 2241, not § 2255. Petitioner argued that the savings clause of § 2255 allowed him to bring a § 2241 petition, because § 2255 was "inadequate or ineffective to test the legality of his detention." Id. § 2255(e). The court rejected this argument, finding that Petitioner could raise his challenge only under § 2255 and that such a challenge was untimely. The Sixth Circuit agreed and denied Petitioner's request for a certificate of appealability, finding that his claims were not cognizable in a § 2241 proceeding.

Petitioner's frustration with his situation is understandable. The one-year limitations period for a § 2255 petition expired in December 2007, but the case on which Petitioner bases his argument was not decided until April 2008. His frustration, however, has led him to cast aspersions on this Court for allegedly giving "blanket denials to pro se federal habeas petitions rather than dissecting the facts of each case . . . ." (Obj. at 4.) His attempt to discredit the Court's diligent magistrate judges does not help his cause.

The problem with Petitioner's argument is that it does not recognize that this Court's review of habeas petitions is strictly limited, especially when faced with a petition that raises the same issues raised in a previous petition. Indeed, AEDPA is clear that this Court may not entertain a second § 2255 petition unless a "panel of the appropriate court of appeals" has precertified that petition. 28 U.S.C. § 2255(h). As Petitioner no doubt recognizes, his

2

Petition is likely not eligible for such certification because he does not contend that Begay stated a new rule of constitutional law. See id. (providing for certification of second or successive petitions when the petition contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court").

Petitioner has had a chance to raise his Begay challenge to his sentence. The sentencing court rejected that challenge. This Court is simply not free to entertain another challenge. Petitioner may believe that this decision "gives the system the appearance of unfairness and bias," (Obj. at 4), but the law is the law. The Court must follow the dictates of Congress, which saw fit to strictly limit a federal prisoner's ability to seek habeas corpus relief. AEDPA's provisions are not merely legal, they are jurisdictional. The Court may not ignore them, and those provisions clearly require the dismissal of the Petition.

Given the history of this case and the procedural complexities that have conspired to deprive Petitioner of any remedy, however, the Court believes that Petitioner should be allowed to take the issues up on appeal. Therefore, the Court grants Petitioner a certificate of appealability on the issues raised by the Petition. Fed. R. App. P. 22(b).

3

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 24) is **ADOPTED**;

2. The Motion to Dismiss (Docket No. 8) is **GRANTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DISMISSED with prejudice**; and

4. Petitioner is granted a Certificate of Appealability on the issues he raises in his Petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Wednesday, January 19, 2011</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge