UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yusef Brown,                                            Civ. No. 10-3230 (PAM/JJK)

                Petitioner,

v.                                                                       **ORDER**

Scott Fisher,

                Respondent.

---

This matter is before the Court on Petitioner's Application to Proceed In Forma Pauperis ("IFP") on Appeal. At the outset, the Court notes that the Eighth Circuit has held that the filing fee requirements of the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(b), do not apply to habeas corpus actions. Malave v. Hedrick, 271 F.3d 1139, 1140 (8th Cir. 2001). Petitioner seeks to appeal, inter alia, the Court's holding that Petitioner improvidently filed his Petition under 28 U.S.C. § 2241 instead of § 2255. Because Petitioner characterizes his action as a habeas action under 28 U.S.C. § 2241, the Court will not apply the requirements of § 1915(b).

Petitioner's IFP application shows that he has no significant income or assets. Based on this information, the Court finds that Petitioner is financially eligible for IFP status. Yet IFP status must still be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually

or legally frivolous. Id.  An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court does not believe that this appeal is devoid of arguable bases in law or fact. Indeed, because of the convoluted procedural machinations in this case, the Court granted Petitioner a certificate of appealability ("COA"). Because the "good faith" standard under the IFP application is less stringent than the standard for issuance of a COA, cf. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) (stating that "good faith" and "the absence of frivolity" are insufficient rationales for issuing a certificate under § 2253), it stands to reason that IFP status should be granted because Petitioner is otherwise qualified.  Thus, the Court finds that the issues Petitioner seeks to raise on appeal are not legally "frivolous," and that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3).

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Application to Proceed In Forma Pauperis on Appeal (Docket No. 37) is **GRANTED**.

Dated:  July 22, 2011

                                               s/Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge